OPINION OF THE COURT
D. Bruce Crew, III, J.
In this declaratory judgment action plaintiff seeks summary judgment declaring that defendant is obligated to provide a defense and indemnify plaintiff for all claims brought against it and its employees by Richard Andrus and Esther Andrus, individually and on behalf of their minor child, Christine Andrus, in a pending Federal District Court action (hereinafter the Andrus action).[1] Defendant has submitted no answer *649 ing affidavit, admitting that there are no factual issues to resolve. Defendant contends that, as a matter of law, the court should declare that defendant owes no defense or indemnity to the county and its employees in the Andrus action because the Federal complaint does not allege injuries for which coverage would be afforded if the plaintiffs in the Andrus action were successful. Alternatively, defendant maintains that should the court find that the Federal complaint asserts injuries sufficient to compel a defense, it should nonetheless declare that defendant has no indemnity obligation for injuries of a nonphysical nature.
The Andrus action is a civil rights action brought pursuant to 42 USC § 1983. Plaintiffs therein allege that the county and its employees failed to adequately review and investigate the qualifications of Mr. and Mrs. John Kelley as foster parents before certifying them and that the county and its employees thereafter allegedly failed to adequately supervise the foster care placement of Christine Andrus in the Kelley home between August 25, 1982 and February 4, 1983. As a result, it is alleged that Christine was repeatedly sodomized and sexually abused. By reason of the foregoing it is alleged that Christine suffered extreme humiliation, terror, pain and suffering, and severe mental anguish and depression. Her parents claim resultant mental suffering and the loss of the companionship and services of their daughter.
The defendant issued a comprehensive general liability insurance policy to the County of Chemung, covering the period from February 14, 1982 to February 14, 1983, during which time the underlying events took place. Pursuant to the terms of that policy the defendant is obligated to: "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury * * * to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury”. "Occurrence” is defined in the policy as: "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured”. The defendant does not contend that the conduct attributed to the county employees in the Andrus action was expected or intended, rather it is contended that the allegations in the Federal complaint do not seek damages for "bodily injury”. Simply stated, defendant’s *650 contention is that the term "bodily injury” does not include injuries manifested by other than physical complaints. Defendant characterizes the allegations of the Federal complaint as seeking recovery for injuries of a purely mental or emotional nature.
There appear to be no New York cases which address the issue in question and counsel for the respective parties cite none.[2] However, there exist cases from other jurisdictions which are instructive. In Farm Bur. Mut. Ins. Co. v Hoag (136 Mich App 326, 356 NW2d 630), a Federal civil rights action, the court held that the mere assertion of mental anguish and humiliation resulting from false prosecution was not "bodily injury”. The court went on to state that "[a]s a general rule, other jurisdictions have found the term 'bodily injury’ to be unambiguous and understood to mean hurt or harm to the human body, contemplating actual physical harm or damage to a human body” (Farm Bur. Mut. Ins. Co. v Hoag, 136 Mich App 326, 334, 356 NW2d 630, 633, supra). Of note is that one of the cases upon which the court relied held that rape is a bodily injury (Cotton States Mut. Ins. Co. v Crosby, 244 Ga 456, 260 SE2d 860). Just as rape inflicts physical hurt or harm to the human body, so also do acts of sodomy and sexual abuse, though neither necessarily leave permanent physical scars. In the case of Levy v Duclaux (324 So 2d 1 [La]) a complaint, sounding largely in false imprisonment, was held to allege sufficient "bodily injury” to trigger the insurer’s duty to defend and indemnify by virtue of the fact that the complaint contained allegations of actual physical abuse of the person detained.
Assuming, without deciding, defendant’s definition of "bodily injury” as excluding injuries of a nonphysical nature to be correct, it is clear that a fair reading of the Federal complaint discloses allegations of bodily injury of a physical nature. The complaint unmistakably alleges that Christine Andrus experienced pain and suffering as a result of being repeatedly sodomized and sexually abused over a period of approximately three months. Bodily injury may well require a physical event, but the court finds no support for the proposition that it requires some sort of physical sequela as contended by defendant. The Federal complaint alleges facts and circum *651 stances which would, if proved, fall within the risk covered by the policy. It is axiomatic that "the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310; see also, International Paper Co. v Continental Cos. Co., 35 NY2d 322).
The defendant places considerable reliance on the Brustein line of cases (Brustein v New Amsterdam Cas. Co., 255 NY 137; Floyd v Consolidated Indem. & Ins. Co., 237 App Div 190; Gaouette v Aetna Life Ins. Co., 253 App Div 388; Roche v United States Fed. & Guar. Co., 247 App Div 335). Defendant seeks to draw a distinction between "personal injury” and "bodily injury”. However, the Brustein line of cases stands for the proposition that a policy which contains a limitation of liability to "bodily injuries” only, does not obligate the insurer to pay derivative claims for loss of services which occurred because of injuries suffered by a parent or spouse (Brustein v New Amsterdam Cas. Co., supra; Roche v United States Fid. & Guar. Co., supra). For such derivative claims to be covered, the policy must expressly cover " 'injuries to person’ ” (Floyd v Consolidated Indem. & Ins. Co., supra, at p 194) or " 'personal injuries]’ ” (Gaouette v Aetna Life Ins. Co., supra, at p 389). These cases all dealt with derivative claimants who suffered no bodily physical injuries of their own. Those cases are therefore inapplicable to the case at bar since there are sufficient allegations that Christine Andrus did suffer a bodily injury. .
Finally, the defendant contends that if this court concludes that defendant has a duty to defend, it is still entitled to a declaration that its indemnity duty should be limited solely to physical injuries proved. Defendant makes this assertion without citing any authority for the proposition and in direct disregard of the plain language of the policy. To reiterate, the defendant is obligated "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury to which this insurance applies caused by an occurrence” (emphasis added). If at the trial of the Federal action the plaintiffs therein establish that Christine Andrus was indeed sodomized and sexually abused as alleged, then an occurrence will be established which requires defendant to indemnify the county and its employees for all damages flowing therefrom, including mental and emotional suffering and humiliation (see, Prince v United *652 States Life Ins. Co., 42 Misc 2d 410, affd 23 AD2d 723, affd 17 NY2d 742). Moreover, by the terms of the policy the defendant must indemnify the county for damages recovered by Mr. and Mrs. Andrus for the care and loss of services of Christine.[3] Defendant must indemnify plaintiff for any damages awarded against the defendants in the Andrus action, arising out of the bodily injury to Christine Andrus excepting punitive damages and any damages based upon the intentional infliction of injury.
The court notes that there are some theories of recovery in the Federal complaint which do not stem from the occurrence previously discussed. Mr. and Mrs. Andrus allege numerous violations of their right of privacy by the methods through which the county and its Department of Social Services attempted to cut off their parental rights. While the parties have not fully briefed this issue, it would appear that such allegations constitute a "personal injury offense” within the language of the policy’s supplemental coverage indorsement personal injury and additional insured (employees). Defendant is thereby liable to the county and its employees for any damages they become liable for as a result of a proven invasion of privacy rights, all of course subject to the monetary limits of liability as set forth in the policy.

. Civil docket No. 84-0289T: Andrus v Chemung County Dept. of Social Servs. (action commenced by filing of summons and complaint on Mar. 21, 1984).

. The definitional portion of the policy is of little help having circularly defined bodily injury as "bodily injury, sickness or disease * * * which occurs during the policy period”.

. "Coverage A — the total liability of the company for all damages including damages for care and loss of services, because of bodily injury sustained by one or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the schedule as applicable to each occurrence”.