213 N.J. Super. 547 (1986)
517 A.2d 1211
NPS CORPORATION, PLAINTIFF-APPELLANT,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1986.
Decided November 13, 1986.
*548 Before Judges GAULKIN, BAIME and ASHBEY.
Fischer, Kagan, Ascione & Zaretsky, attorneys for appellant (Allen Susser, of counsel; Dorian D'Agati, on the brief).
Lamb, Hartung, Gallipoli & Coughlin, attorneys for respondent (Antonio D. Favetta, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
This appeal presents a question of first impression. We are called upon to interpret a clause contained in an insurance policy which requires indemnification by the insurer for damages caused by the insured's tortious acts resulting in "bodily injury" to others. At issue is whether the insurer's duty to defend is triggered by a complaint alleging acts of sexual harassment by the insured's employee resulting in the complainant's emotional distress and mental anguish. The trial judge determined that the psychological sequelae allegedly suffered by the complainant as the result of the employee's nonconsensual sexual acts did not constitute bodily injury. We disagree and reverse.
The facts are not in dispute. Defendant Insurance Company of North America (INA) issued a standard workers' compensation and employer's liability policy which required it to indemnify plaintiff NPS Corporation (NPS) for "all sums the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease...." The term "bodily *549 injury" is not expressly defined. However, the policy contains the following exclusionary language:
The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident." The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident."
Under the policy, an "assault and battery" is deemed a compensable accident unless committed by or at the direction of the insured. The policy further states that the insurer is obliged to defend in any proceeding instituted against the insured "alleging such injury and seeking damages on account thereof, even if such ... suit is groundless, false or fraudulent...."
During the policy period, Sarah H. Schaeffer, an executive secretary employed by NPS at its Oregon and Texas plants, filed a complaint in the Judicial District Court of Travis County, Texas in which she alleged that a co-employee, the plant manager, had committed repeated acts of sexual harassment by "offensively touch[ing]" her "rear end" and "breasts." Schaeffer alleged that NPS's senior management was aware of this offensive conduct, but took no curative measures. As a result of these instances, Schaeffer claimed that she suffered "serious emotional distress and disruption of her personal life." In her complaint, she sought compensatory and punitive damages.
Upon receipt of Schaeffer's complaint, NPS immediately notified INA of the pendency of the suit and requested it to defend the action in accordance with its obligation under the policy. However, INA declined on the basis that Schaeffer's assertion of emotional distress and mental anguish, if proved, would not fall within the risks covered by the policy. NPS ultimately retained an attorney in Texas and entered into a settlement without the participation, consent or approval of INA.
NPS thereafter instituted this action against INA claiming that the insurer had breached its duty to defend and indemnify under the policy. NPS sought compensatory damages consisting of the amounts expended in its defense in the Texas suit *550 and the sum paid Schaeffer by virtue of the settlement. In addition, NPS sought punitive damages.
Cross-motions for summary judgment were filed. The trial judge determined that the nonconsensual touching of the complainant by the insured's employee constituted an assault and battery. She concluded, however, that the term "bodily injury," as used in the policy, contemplated "physical harm" or "damage to the human body" and did not include mental anguish or emotional distress. Finding no genuine issue of material fact, the judge granted INA's motion for summary judgment and dismissed the complaint.
We disagree with the conclusions reached by the trial judge. We hold that the term "bodily injury," as used in the policy, includes the emotional and psychological sequelae allegedly resulting from the unauthorized invasion of the complainant's person. Under these circumstances, we find that INA breached its contractual duty to defend its insured in the Texas proceedings.
We commence our analysis with the well-settled principle that an insurer's duty to defend an action against the insured is measured by the allegations set forth in the complainant's pleadings. The Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512 (1965); Danek v. Hommer, 28 N.J. Super. 68, 77 (App.Div. 1953), aff'd 15 N.J. 573 (1954); 8 Appleman, Insurance Law and Practice, § 4683, p. 8 (1953). The duty to defend arises when the complaint states a claim constituting a risk falling within the purview of the policy coverage. Danek v. Hommer, supra, 28 N.J. Super. at 77. "[I]f [the] pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the [complainant]." 8 Appleman, Insurance Law and Practice, supra, § 4683, p. 8. "The nature of the damage claim, rather than the actual details of the accident or the ultimate liability of the insure[d], determines whether the insurer is obliged to defend." The Ohio Cas. Ins. Co. v. Flanagin, *551 supra, 44 N.J. at 512. See also Hackensack Water Co. v. General Accident, etc., Ltd., 84 N.J. Super. 479, 483 (App.Div. 1964); Van Der Veen v. Bankers Indemnity Ins. Co., 30 N.J. Super. 211, 217 (App.Div. 1954).
In construing the policy language, our aim is to determine the intent of the contracting parties. Our inquiry is aided by several well-recognized principles. Initially, we note that "[i]nsurance contracts are unipartite in character." Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7 (1961). Such contracts "are prepared by the company's experts, [people] learned in the law of insurance who serve its interest in exercising their [craft]." Ibid. The policy thus comes to the insured in predetermined fashion "in printed form upon the payment of his premium." Id. at 8. These "circumstances long ago fathered the principle that doubts as to the existence of coverage must be resolved in favor of the insured." Ibid. See also Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 576 (1970); Kook v. American Sur. Co. of N.Y., 88 N.J. Super. 43, 52 (App.Div. 1965). "Courts are bound to protect the insured to the full extent that any fair interpretation will allow." Mazzilli v. Acc. & Cas. Inc. of Winterthur, supra, 35 N.J. at 7. See also Kievit v. Loyal Protect. Life Ins. Co., 34 N.J. 475, 482 (1961). The policy must be read so as to fulfill "the reasonable expectations of the average purchaser in the light of the contract language." Linden Motor Freight Co., Inc. v. Traveler's Ins. Co., 40 N.J. 511, 525 (1963).
Against this backdrop, we find that the disputed policy language presents substantial ambiguities which must be construed against the insurer. INA concedes, as it must, and the trial judge so found, that sexual harassment by offensive unauthorized touching constitutes an assault and battery. Perna v. Pirozzi, 92 N.J. 446, 460 (1983); Prosser, Law of Torts, § 9, p. 35 (4th ed. 1971). The sole argument advanced by INA here is that emotional distress does not qualify as "bodily injury" under the policy. Although our research has disclosed no reported New Jersey decision dealing with the precise question *552 presented,[1] our "courts have come to recognize that mental and emotional distress is just as `real' as physical pain, and that its valuation is no more difficult." Berman v. Allan, 80 N.J. 421, 433 (1979). Consequently, damages for such distress have been ruled allowable in an increasing number of contexts. See also Saunderlin v. E.I. Du Pont Co., 102 N.J. 402, 414 (1986); Porter v. Jaffee, 84 N.J. 88 (1980); Zahorian v. Russell Fitt Real Estate Agency, 62 N.J. 399 (1973); Falzone v. Busch, 45 N.J. 559 (1965); Strachan v. John F. Kennedy Memorial Hosp., 209 N.J. Super. 300 (App.Div. 1986); Pushko v. Bd. of Tr. of Teachers' P. & A., 202 N.J. Super. 98 (App.Div. 1985), on remand 208 N.J. Super. 141 (App.Div. 1986); Eyrich for Eyrich v. Dam, 193 N.J. Super. 244 (App.Div. 1984), certif. den. 97 N.J. 583 (1984); Muniz v. United Hsps. Med. Ctr. Pres. Hsp., 153 N.J. Super. 79 (App.Div. 1977); Lemaldi v. De Tomaso of America, Inc., 156 N.J. Super. 441 (Law Div. 1978); Prosser, Law of Torts, supra, § 54, pp. 327-335.
*553 Within that framework, we disagree with INA's argument that bodily injury necessarily entails some physical or corporeal harm caused by the application of external violence. We are unable to separate a person's nerves and tensions from his body. Clearly, emotional trauma can be as disabling to the body as a visible physical wound. Moreover, it is common knowledge that emotional distress can and often does have a direct effect on other bodily functions.
We attach significance to the fact that the policy does not limit bodily injury to physical harm. In evaluating INA's claim as to the meaning of the policy language, we necessarily consider the fact that "alternative or more precise" wording, if used, "would have put the matter beyond reasonable question." Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, supra, 35 N.J. at 7. That consideration has particular efficacy here where the policy contains exclusionary language which does not specifically limit bodily injury to physical harm. Under these circumstances, we perceive no unfairness in construing the policy consonant with what we perceive to be the reasonable expectations of the insured.
We note that although the question presented is one of first impression in New Jersey, there is no dearth of decisions in other jurisdictions bearing upon the issue. Suffice it to say, the problem has received uneven treatment. Compare, finding coverage, Bloodworth v. Carroll, 455 So.2d 1197 (La. Ct. App. 1984), rev'd on other grounds, 463 So.2d 1313 (La. 1985); Holcomb v. Kincaid, 406 So.2d 646 (La. Ct. App. 1981); Levy v. Duclaux, 324 So.2d 1 (La. Ct. App. 1975), writ den. 328 So.2d 887 (La. 1976); Lowenthal v. Sec. Ins. Co. of Hartford, 50 Md. App. 112, 436 A.2d 493 (Md. Ct. Spec. App. 1981); and County of Chemung v. Hartford Cas. Ins. Co., 130 Misc.2d 648, 496 N.Y.S.2d 933 (Sup.Ct. 1985) with, finding no coverage, Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc., 493 F.2d 257 (6 Cir.1974); St. Paul Fire & Marine Ins. v. Campbell Cty. School, 612 F. Supp. 285 (D.Wyo. 1985); Rolette County v. Western Cas. & Sur. Co., 452 F. Supp. 125 (D.N.D. 1978); and *554 Farm Bureau Mut. Ins. Co. of Michigan v. Hoag, 136 Mich. App. 326, 356 N.W.2d 630 (App.Ct. 1984). We are of the view, however, that the better reasoned decisions favor the result we reach here.
Accordingly, we are convinced that the term "bodily injury," as used in the policy, encompasses claims for emotional distress caused by an assault and battery. The summary judgment entered in favor of INA is therefore reversed and the matter is remanded to the Law Division for entry of summary judgment in favor of NPS and for a determination of compensatory damages.
NOTES
[1] INA's reliance upon Nuzzi v. United States Cas. Co., 121 N.J.L. 249 (E. & A. 1938) is misplaced. There, the Court of Errors and Appeals held that "[t]he term `personal injury' is broader and more comprehensive than the term `bodily injury'" and accords protection against derivative claims for loss of services because of injuries suffered by the complainant's spouse. Id. at 254. See also Danek v. Hommer, supra, 28 N.J. Super. at 78. Suffice it to say, here we are not concerned with a derivative claim. As we have noted, the complainant sought damages for emotional distress and mental anguish caused directly by the assault and battery.

Also inapposite is State v. Williams, 197 N.J. Super. 127 (App.Div. 1984), certif. den. 99 N.J. 233 (1985). There, we held that the terms "serious bodily injury" and "bodily injury," as they appear in N.J.S.A. 2C:11-1b and N.J.S.A. 2C:11-1a respectively, do not encompass psychic trauma. Id. at 132-133. We merely point out that Williams involved criminal statutes which, of course, are to be strictly construed. State v. Edwards, 28 N.J. 292 (1958); State v. Meinken, 10 N.J. 348 (1952); State v. Grant, 196 N.J. Super. 470 (App.Div. 1984); State v. Insabella, 190 N.J. Super. 544 (App.Div. 1983). Even in the context of statutes pertaining to criminal penalties, however, we have held that mental or nervous shock constitutes an "injury" to the victim and thus a Violent Crimes Compensation penalty greater than $25 may be imposed. See State v. Diaz, 188 N.J. Super. 504, 508 (App.Div. 1983). See also State v. Thompson, 199 N.J. Super. 142, 144 (App.Div. 1985).