Victoria L. HAMLIN, Appellant,

v.

WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Respondent.

No. CO–90–1134.

Court of Appeals of Minnesota.

Oct. 23, 1990.

Daniel S. Miller, Plymouth, for appellant.

Louise Ann Dovre, Eric J. Magnuson, Chloethiel W. DeWeese, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant contends the trial court erred in its judgment that mental injury is not covered by a liability insurance policy covering claims for 'bodily injury' and 'personal injury.' We affirm.

## FACTS

On November 27, 1985, appellant Virginia Hamlin filed a sexual harassment complaint with the Minneapolis Department of Civil Rights against her former employer, Demetrius Papaganapoulos and the Camden Family Restaurant. After an investigation, the department issued a report finding probable cause for the allegations. Camden informed its liability insurer, respondent Western National Mutual Insurance Company, of the claim, but after an investigation Western determined that no coverage existed. Appellant and Camden then entered into a stipulation and *Miller–Shugart* confession of judgment for $50,-000, allowing appellant to recover only from Camden's liability insurance policies.

Western's coverage of Camden included a special multi-peril policy containing two liability insurance endorsements, each with a separate insuring provision. The first insured against claims for "bodily injury or property damage" and the second provided coverage for "personal injury" claims.

"Bodily injury" is defined as "bodily injury, sickness or disease." "Personal injury" is defined as "injury arising out of * * * [a] publication or utterance * * * of a libel or slander or other defamatory or disparaging material, or * * * in violation of an individual's right of privacy." In addition, Western wrote an umbrella policy for liability exceeding $500,000.

Appellant commenced this declaratory judgment action to determine whether these policies covered damages for her mental injuries from the sexual discrimination at Camden. The parties stipulated that appellant claimed only mental and not bodily injuries and that she did not assert a claim for defamation, disparagement, libel, slander or invasion of privacy.

On cross-motions for summary judgment, the trial court held that the multiperil policy did not cover appellant's claim for mental injuries.

## ISSUES

1. Does mental injury from sexual harassment constitute 'bodily injury'?

2. Does this harm constitute 'personal injury'?

3. Are separate policies in an insurance package construed together as one contract?

## ANALYSIS

On appeal from a summary judgment where the parties agree to the material facts and only questions of law are before the court, no deference need be given to the court below. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

### I.

### Bodily Injury

■ If the language of an insurance policy is ambiguous, it must be construed in favor of finding coverage. *Morris v. Weiss*, 414 N.W.2d 485, 488 (Minn.App. 1987). A policy is ambiguous only if language of the policy reasonably is subject to more than one interpretation. *Columbia Heights Motors v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn.1979).

■ Western's policy defines bodily injury as "bodily injury, sickness or disease." The prevailing view is that this language is not ambiguous and does not include mental harm. *E.g., National Ben Franklin Ins. Co. v. Harris*, 161 Mich.App. 86, 89–90, 409 N.W.2d 733, 735 (1987) (holding that 'bodily injury' is unambiguous and does not include humiliation or mental suffering from racial discrimination). Some jurisdictions have found this definition to be ambiguous, but these courts nonetheless have found coverage only where the mental anguish manifested itself in some physical consequence. *See, e.g., Levy v. Duclaux*, 324 So.2d 1, 10 (La.App.) (holding that definition of 'bodily injury' as sickness or disease was broad enough to include mental distress that required medication), *writ denied*, 328 So.2d 887 (La.1976).

Appellant cites *NPS Corp. v. Insurance Co. of North America*, 213 N.J.Super. 547, 517 A.2d 1211 (App.Div.1986), where the court found that the term 'bodily injury' was ambiguous and included emotional injuries caused by offensive touching. *Id.* at 553–54, 517 A.2d at 1214. *NPS Corp.*, however, is distinguishable because the plaintiff premised recovery on an assault and battery, which is not alleged here. *See Lumbermen's Mutual Casualty Co. v. United Services Automobile Ass'n*, 218 N.J.Super. 492, 499–500, 528 A.2d 64, 68 (App.Div.1987) (construing *NPS Corp.* as allowing emotional distress caused by an assault and battery to qualify as bodily injury).[1] Moreover, unlike Western's policy, the *NPS Corp.* policy did not include any definition of bodily injury. *NPS Corp.*, 213 N.J.Super. at 548–49, 517 A.2d at 1212.

We conclude on the basis of authorities that have addressed this issue that Western's policy definition of bodily injury is unambiguous and excludes mental injuries.

---

1. The civil rights department did find that Papaganapoulos had touched appellant offensively. Appellant, however, sought damages exclusively for mental distress and not for assault and battery.

## II.

### Personal Injury

 The endorsement covering 'personal injuries' is limited expressly to damages "arising out of" a variety of listed torts, including libel, slander and invasion of privacy. Here, appellant premised her damages only on sexual harassment and discrimination and not on any of these torts. In fact, the parties stipulated that appellant did not assert a claim for defamation, disparagement, libel, slander or invasion of privacy.

The Wisconsin Court of Appeals addressed a similar issue in *Nichols v. American Employers Ins. Co.*, 412 N.W.2d 547 (Wis.App.1987). The court held that an identical 'personal injury' definition did not cover a suit for sexual harassment damages, even if the sexual harassment complaint had related some defamatory matter, because damages would be awarded as a result of the discrimination, not as a result of the defamation. *Id.* at 549–51. We confirm this reasonable construction of a liability policy limiting coverage to damages "arising out of" defamation-type torts.[2]

## III.

### Umbrella Policy

 Appellant alleges that Western's coverage of Camden, which includes the multi-peril policy, the umbrella policy and a workers' compensation policy, "was intended to cover all the insurance needs of Camden." The umbrella policy includes coverage for mental injury. Appellant, however, can identify no authority holding that one insurance policy shapes the coverage of another.

Separate policies with separate insuring provisions are unlike the contracts dealt with in cases cited by appellant, such as a note and guarantee delivered together in a loan transaction and construed together by the court. *Knut. Co. v. Knutson Constr. Co.*, 433 N.W.2d 149, 151 (Minn.App.1988), *aff'd*, 449 N.W.2d 143, 143 (Minn.1989).

Finally, appellant argues in her reply brief that even if coverage fails under the general multi-peril policy, the umbrella policy should provide some primary coverage. The parties stipulated, however, that only the multi-peril policy is in issue in this declaratory judgment suit.

## DECISION

The trial court correctly determined that bodily injury and personal injury do not include mental injuries. Language in the separate umbrella policy cannot alter this result.

Affirmed.

---

2. It should be noted that personal injury coverage is viewed differently than bodily injury coverage. Personal injury is broader and may include an affront to one's reputation, such as defamation. 7A J. Appleman, *Insurance Law & Practice* § 4501.14 (Berdal ed.1979). Nevertheless, the definition in Western's policy explicitly limited recovery to injury arising from torts that appellant did not allege.