MONROE GUARANTY INSURANCE COMPANY, Appellant–Plaintiff,

v.

Warner MONROE, Monroe Custom Utility Bodies, Inc., and Robert Cornwell, Appellees–Defendants.

No. 49A02–9601–CV–55.

Court of Appeals of Indiana.

March 24, 1997.

Rehearing Denied May 28, 1997.

Robert A. Fanning, Robert W. Wright, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellant–plaintiff.

Robert B. Bush, George A. Norwood, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees–defendants.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant–Plaintiff, Monroe Guaranty Insurance Company ("the Insurer"), appeals the trial court's denial of its motion for summary judgment in a declaratory judgment action brought against Warner Monroe, Monroe Custom Utility Bodies, Inc. (collectively, "Employer"), and Robert Cornwell ("the Employee"). We affirm.

### Issue

The Insurer presents one issue for review: whether an insurance company must conduct a reasonable investigation to determine whether it has a duty to defend its insured under a worker's compensation/employer's liability policy, when an employee's complaint alleges that he was injured intentionally and not by accident.

### Facts and Procedural History

On December 21, 1994, the Employee filed a complaint against the Employer for injuries allegedly suffered during the course and scope of his employment. The complaint alleges, in part, the following:

5. On or about May 30, 1993, Plaintiff's doctor released Plaintiff to return to work under the restriction that Plaintiff not use his right arm whatsoever.

. . . .

7. Warner Monroe, President of Monroe Custom Utility Bodies, Inc., knew of Plaintiff's restrictions and told Marc Sheaman, Claim Representative, that work was available that met the restrictions.

10. Despite knowledge of Plaintiff's restriction and the assurances made that Plaintiff would work without using his right arm, Warner Monroe instructed Plaintiff to go to the paintroom.

. . . .

12. There are no jobs in the paintroom that plaintiff could perform without using his right arm.

. . . .

15. As a direct and proximate result of Defendant's intentional act of assigning Plaintiff to paint room, required subsequent surgery to repair a second injury to Plaintiff's right shoulder.

16. Warner Monroe's assigning of Plaintiff to work in the paintroom was an intentional act.

17. Warner Monroe, either intended to injure Plaintiff by assigning Plaintiff to work in the paintroom or knew that plaintiff would re-injure himself by working in the paintroom.

18. Because Warner Monroe either intended to injure Plaintiff or knew injury was certain to occur, Plaintiff's second injury was not "by accident" and thus is not included under Indiana's Workers Compensation Statute, IC.22–3–2–6.

19. As a direct and proximate result of the Defendant's intentional acts, Plaintiff sustained severe, painful, and permanent injuries and has been required to expend substantial sums of money for medical treatment and services.

(R. 9–11).

Employer contends it was not aware that the Employee could not use his right arm, that Employee was assigned to work in the paintroom as an inspector, not as a painter, and that the job of inspector does not involve physical labor. Employer also contends that it did not intend to injure the Employee or know that injury was certain to occur.

After receiving notice of the complaint, the Insurer filed an action seeking a declaratory judgment that it had no duty to defend the Employer under a Workers Compensation and Employers Liability Policy ("the Policy") with regard to the complaint. Part One of the Policy provided that: "This workers compensation insurance applies to bodily injury by accident . . . ." and that "[Insurer has] no duty to defend a claim, proceeding or suit that is not covered by this insurance." (R. 81). Part Two of the Policy provided that: "This employers liability insurance applies to

bodily injury by accident ...." and that "[t]his insurance does not cover ... bodily injury intentionally caused or aggravated by you." (R. 82–83). Like Part One, Part Two also provided that "[Insurer has] no duty to defend a claim, proceeding or suit that is not covered by this insurance." (R. 83).

Insurer filed a motion for summary judgment which the trial court denied. On Insurer's petition, the trial court certified its ruling for interlocutory appeal, and we accepted jurisdiction.

## Discussion and Decision

Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *North Snow Bay, Inc. v. Hamilton*, 657 N.E.2d 420, 422 (Ind.Ct.App.1995). On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Id.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Id.* The construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Conrad v. Universal Fire & Casualty Ins. Co.*, 670 N.E.2d 936, 937 (Ind.Ct. App.1996), *trans. pending.*

The Insurer argues that it has no duty to defend the complaint because the complaint alleges only intentional acts that are not covered by the Policy. Both parties agree that the Insurer has no duty to defend claims that are not covered by the Policy. Both parties also agree that the complaint was drafted to avoid the exclusive remedy of workers compensation for employment-related injury occurring by accident. Employer contends, however, that the Insurer must look beyond the complaint and conduct a reasonable investigation into the underlying factual basis of the complaint in order to determine whether it has a duty to defend. The Insurer counters that "[t]he duty to defend is

determined *solely* by the nature of the complaint." *Transamerica Ins. Serv. v. Kopko*, 570 N.E.2d 1283, 1285 (Ind.1991) (emphasis added).

In *Kopko*, our supreme court held that in a complaint by a homeowner, where the insured-developer knew of defective sub-soil conditions on the property prior to sale, settlement of a newly-constructed home was not an accident expected or intended by the insured and therefore not an "occurrence" covered by the policy. *Id.* at 1284–85. The Court also held that the developer's sale of the parcel to a builder prior to the start of construction of the home was sufficient to exclude insurance coverage under the policy's alienation clause. *Id.* at 1285. Finding no coverage under the policy, the Court concluded that there was no duty to defend. *Id.* The Court stated that where a complaint alleged intentional and fraudulent conduct, and the insured's defense was that his conduct was merely negligent, the insurer had no duty to defend because the defense did not change the nature of the action. *Id.*

*Kopko* has been described as a "dramatic departure from prior cases" by the Seventh Circuit U.S. Court of Appeals. *Fidelity and Guaranty Ins. Underwriters, Inc. v. Everett I. Brown Co., L.P.*, 25 F.3d 484, 489 (7th Cir.1994). The *Brown* court pointed out "two troubling aspects arising from the *Kopko* decision." *Id.* at 489–90.

First, the Indiana Supreme Court cites *Cincinnati Ins. Co. v. Mallon*, 409 N.E.2d 1100 (Ind.Ct.App.1980), for the proposition that "[t]he duty to defend is determined solely by the nature of the complaint." However, certain language in the *Mallon* case may be read to support the opposite conclusion. For instance, the *Mallon* case states that "[t]he insurance company may go beyond the face of the complaint, and refuse to defend based upon the factual underpinnings of the claim." Yet, the *Mallon* case does say that "it is the nature of the claim and not its merits that determines the duty to defend."

Also giving rise to some confusion is *Trisler v. Indiana Ins. Co.*, 575 N.E.2d 1021 (Ind.Ct.App.1991), an Indiana Court of Appeals case decided only two and one

half months after *Kopko.* There, the Indiana Court of Appeals stated the following:

> The insurer's duty to defend is determined from the allegations of the complaint coupled with those facts known to or ascertained by the insurer after reasonable investigation. Accordingly, in evaluating the factual basis of a claim and the insurer's concomitant duty to defend, this court may properly consider the evidentiary materials offered by the parties to show coverage or exclusion. If the pleadings fail to disclose a claim within the coverage limits or one clearly excluded under the policy, and investigation also reveals the claim is outside the coverage of the policy, no defense will be required.
>
> However, even if these two Indiana Court of Appeals cases are in fact inconsistent with *Kopko,* we are bound to rely on the decision of the Indiana Supreme Court.

*Id.* at 490 (citations omitted).

Employer points to several cases in addition to *Trisler* which do not appear to follow *Kopko. See e.g. Indiana Ins. Co. v. North Vermillion Community School Corp.,* 665 N.E.2d 630 (Ind.Ct.App.1996), *trans. denied;* [1] *Wayne Township Bd. of School Comm'rs v. Indiana Ins. Co.,* 650 N.E.2d 1205 (Ind.Ct.App.1995), *trans. denied; Seymour Mfg. Co. v. Commercial Union Ins. Co.,* 648 N.E.2d 1214 (Ind.Ct.App.1995); [2] *Terre Haute First National Bank v. Pacific Employers Ins. Co.,* 634 N.E.2d 1336 (Ind.Ct. App.1993). These cases, however, in addition to citing *Trisler,* all mention the general rule discussed in *Mallon* that the insurer *may* go beyond the face of a complaint and refuse to defend based on the factual basis of a claim. *Indiana Ins. Co.,* 665 N.E.2d at 635; *Wayne Township,* 650 N.E.2d at 1208; *Seymour Mfg. Co.,* 648 N.E.2d at 1217; *Terre Haute,*

634 N.E.2d at 1339; *See Mallon,* 409 N.E.2d at 1105. This is different from saying that the insurer *must* investigate a claim to ascertain whether it has a duty to defend where a complaint, on its face, is *not* covered by the policy.

*Trisler,* on the other hand, relied upon *United States Fidelity and Guaranty Co. v. Baugh,* 146 Ind.App. 583, 257 N.E.2d 699 (1970). *Baugh* addressed the question of

> whether the courts will require an insurer to defend after considering only the allegations of the complaint or shall *require* the insurer to defend after considering the allegations of the complaint and after having made a preliminary investigation of the facts of the incident complained of in the complaint.

*Id.* at 709 (emphasis added). The *Baugh* court concluded that "the better rule ... is that ... the insurer determines its liability under the policy from the facts ascertainable, based on a reasonable investigation." *Id.* at 710. It would be inconsistent to allow an insurer to look beyond the allegations of a complaint that is obviously covered in order to discover a reason not to defend, and yet not require the insurer to do so where the allegations are not obviously covered. Regarding the latter situation, "when the *underlying factual basis* of the complaint, even if proved true, would not result in liability under the insurance policy, the insurance company can properly refuse to defend." *Mallon,* 409 N.E.2d at 1105 (emphasis added). In *Kopko,* however, the Court looked solely to the theory of the complaint in determining that the insurer had no duty to defend and disregarded the insured's defense. Significantly, there was not a dispute concerning the facts underlying the complaint, and therefore no need to look beyond the allegations.

---

**1.** The dissent in *Indiana Ins. Co.* cites *Kopko* in contending that the insurer had no duty to defend because the allegations in the complaint were obviously not covered. *Id.* at 636 (Staton, J., dissenting). The majority, however, in finding a duty to defend, did not look to the "underlying factual basis of the complaint," but concluded that the allegations did come within the coverage of the policy. *Id.* at 635–36.

**2.** On petition to transfer, this case was reversed on the ground that the insurance policy was ambiguous, and the claim was therefore covered by the policy. *Seymour Mfg. Co. v. Commercial Union Ins. Co.,* 665 N.E.2d 891 (Ind.1996).

Because *Kopko* both relies upon and differs from *Mallon,* the effect of *Kopko's* holding is unclear regarding a complaint where there is an underlying factual dispute. *Kopko* is therefore distinguishable from the present case. In addition, most recent cases ignore or do not discuss *Kopko.* *See e.g. Indiana Ins. Co.,* 665 N.E.2d 630; *Wayne Township,* 650 N.E.2d 1205; *Seymour Mfg. Co.,* 648 N.E.2d 1214; *Terre Haute,* 634 N.E.2d 1336. *But see United States Automobile Ass'n v. Caplin,* 656 N.E.2d 1159, 1162 n. 1 (Ind.Ct.App.1995), *trans. denied,* ("Thus, we are not at liberty to apply *Trisler* despite the [insured's] claim that *Trisler* has 'more rational and reasonable results.' ").

Were we to read the Policy language here to mean that the Insurer has no duty to defend a claim that is not *in fact* covered, we would eviscerate the oft-stated rule that "[t]he duty to defend is broader than an insurance company's coverage liability." *Seymour Mfg. Co.* 665 N.E.2d at 892 (quoting *Trisler,* 575 N.E.2d at 1023). We hold that the Insurer has not met its burden of establishing that the trial court's denial of its motion for summary judgment was erroneous. We affirm that judgment and hold that as a matter of law the Insurer has a duty to conduct a reasonable investigation into the facts underlying the complaint before it may refuse to defend the complaint.

We affirm.

RILEY and DARDEN, JJ., concur.