108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellee,
v.
AMERICAN MOTORISTS INSURANCE COMPANY/KEMPER INSURANCE
COMPANIES, Defendant-Appellant,
v.
BOEHRINGER MANNHEIM CORPORATION, Defendant-Appellee.
 No. 96-2380.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 12, 1997.
Decided March 12, 1997.
Rehearing Denied April 15, 1997.
 
 Before CUMMINGS, BAUER, AND FLAUM, Circuit Judges.
 
 ORDER
 
 1
 In January 1995 Aetna Casualty & Surety Company of Connecticut ("Aetna") brought this diversity suit under 28 U.S.C. § 1332(a) against Boehringer Mannheim Corporation of Indiana ("Boehringer") and American Motorists Mutual Insurance Company of Illinois ("American Motorists"). This declaratory judgment action arises out of a March 1992 suit brought by Mark and Denise Gaskin against Boehringer in the Marion, Indiana, Superior Court. Boehringer had purchased a general liability policy of insurance from Aetna and a workers compensation/employers liability policy from American Motorists and both policies were in effect at all times relevant to the Gaskin litigation. The instant suit sought a judgment that American Motorists was liable to defend the Gaskin action and must reimburse Aetna for its legal fees and other expenses it had incurred therein.
 
 
 2
 In July 1989 through March 6, 1990, Mrs. Gaskin was employed by Boehringer as a laboratory technician. In the Gaskins' suit, she alleged that she was exposed to chemical substances while employed and pregnant with her daughter Jasmine, who was born with a genetic defect (termed an unbalanced translocation of chromosome 15) causing her to suffer severe physical and mental problems. In their complaint, the Gaskins sought past and future damages.
 
 
 3
 After the Gaskin suit was filed, Boehringer sought coverage from both Aetna and American Motorists. Thereafter Aetna provided a defense to Boehringer for the Gaskin litigation under reservation of rights. American Motorists denied coverage and refused to defend the Gaskins' suit. Consequently, in January 1995 Aetna filed this declaratory judgment action against American Motorists and Boehringer regarding the coverage obligations of the two insurers.
 
 
 4
 The district court found that Jasmine's injury could be considered the consequence of an injury to her mother during the mother's course of employment. It concluded that either one of the two policies could eventually be found to cover the Gaskins' claim. Consequently, Judge McKinney found that American Motorists also had a duty to defend and share equally with Aetna in Boehringer's defense costs.
 
 
 5
 In his first order on the respective motions for partial summary judgment, the district judge examined the insurance policies to determine the type of claim that might trigger coverage. The judge first held that the workers compensation portion of the American Motorists policy does not cover the situation because coverage was only triggered by an accident or disease suffered by an employee arising out of the course of employment (American Motorists App. 5). However, he also concluded that American Motorists could be liable under its employers liability coverage, reasoning that such coverage may be triggered if the injury to Jasmine were the consequence of damage to one of Mrs. Gaskin's eggs (Id. at 9). As to Aetna's potential liability, Judge McKinney determined that Aetna's general liability policy provided Boehringer with broad commercial coverage for bodily injury damages. The determination as to which of these two policies applied to the Gaskin suit turned on whether Mrs. Gaskin had suffered an injury arising out of her employment with Boehringer (Id. at 8). Since the court could not presently decide as a matter of law which policy applied, it held that both Aetna and American Motorists had a duty to defend Boehringer. Aetna's request that the court order American Motorists to reimburse all of Aetna's expenses to date was initially denied. However, in a subsequent order the court concluded that American Motorists had a duty to share in the costs of the defense from the beginning of the action, for otherwise it would be profiting at Aetna's expense. Consequently judgment was entered that American Motorists had a duty to defend Boehringer and reimburse Aetna for its share of the reasonable expenses incurred in the litigation. We affirm.[1]
 
 Standing
 
 6
 Although American Motorists questions Aetna's standing to sue, its position is meritless. Aetna has a present interest in this case because it is incurring considerable defense costs that should arguably be borne by American Motorists or by both insurers. It cannot be disputed that an insurer that incurs costs defending an action that another insurer is obliged to defend in whole or part has a right to recover those costs (or a pro-rata portion thereof) from the other insurer. Since Boehringer is claiming against both insurers, it was of course appropriate for the district court to consider whether either or both should defend the Gaskins' suit and bear the expenses. The fact that the judge determined both insurers presently liable for expenses underscores Aetna's present interest in having that dispute settled as a threshhold matter.
 
 American Motorists' Duty to Defend
 
 7
 American Motorists provided Boehringer with employers liability coverage. We fully concur with the district court's determination, based on the allegations of the Gaskins' complaint, that it is possible that Mrs. Gaskin's daughter's injury could have been caused by damage to her mother's egg when she was employed by Boehringer, and therefore was within the scope of American Motorists' employers liability coverage. The strength or remoteness of this possibility goes to American Motorists' ultimate liability, not its duty to defend against the Gaskins' action. It is axiomatic that "[a]n insurer's duty to defend its insureds against suit is broader than its coverage liability or duty to indemnify," Wayne Township Board of School Commissioners v. Indiana Insurance Company, 650 N.E.2d 1205, 1208 (Ind.Ct.App.1995), and "[i]t is the nature of the claim not its merits that determines the duty to defend." Id. (quoting Terre Haute First National Bank v. Pacific Employers Insurance Company, 634 N.E.2d 1336, 1339 (Ind.Ct.App.1994). We have closely examined American Motorists' evidentiary submissions bearing on the strength of this causal theory, and find that none of it so unequivocally compels the conclusion that the theory is untenable as to relieve American Motorists of its duty to defend. Although a factfinder may ultimately accept the evidence and determine that American Motorists has no duty to indemnify Boehringer in the event that it is found liable, that fact alone does not relieve American Motorists of its duty to defend.
 
 
 8
 The Gaskins' state court complaint alleges that during Mrs. Gaskin's pregnancy she was exposed to hazardous substances causing her fetus to be born with unbalanced translocation of chromosome 15, resulting in many severe genetic defects. If Mrs. Gaskin's egg was damaged by virtue of her employment and caused her daughter's injuries, Boehringer could be liable to the parents and child. Therefore the employer's liability policy with American Motorists might well be applicable.
 
 
 9
 Aetna does not seek a declaration from us that its general liability insurance coverage is inapplicable. The district court decided that "either one of the two insurance policies could eventually be found to cover this claim" (American Motorists App. 11). Judge McKinney determined that only a trial on the merits could resolve that question. Therefore, at the present juncture the judge required both insurance companies to defend Boehringer and bear the expenses in the Gaskins' suit. This Court cannot fault that decision.
 
 
 10
 Judgment affirmed.
 
 
 
 [1]
 Boehringer filed a brief urging us to reject American Motorists' arguments