Troy D. SELLECK, Appellant–Plaintiff,

v.

WESTFIELD INSURANCE COMPANY, Appellee–Defendant.

No. 06A01–9211–CV–394.

Court of Appeals of Indiana, First District.

July 26, 1993.

Transfer Denied Oct. 12, 1993.

Thomas C. Doehrman, Daniel S. Chamberlain, Conour–Doehrman, Indianapolis, for appellant-plaintiff.

James W. Hehner, Sipe, Pankow, Han, Rumley & Hehner, Indianapolis, for appellee-defendant.

NAJAM, Judge.

### STATEMENT OF THE CASE

This is an appeal from a judgment on cross-motions for summary judgment by Troy D. Selleck ("Selleck") and garnishee-defendant Westfield Insurance Company ("Westfield") in a garnishment proceeding to collect from insurance coverage under a homeowner's policy ("Homeowner's Policy"). Selleck filed a verified motion for garnishment against Westfield to satisfy his judgment in the underlying action against Westfield's insured, William Thom ("William"), arising from an automobile accident between Selleck and William's minor son. The trial court granted Westfield's motion and denied Selleck's motion, finding that coverage was excluded under the Homeowner's Policy. Selleck appeals.

We affirm.

### ISSUE

The parties raise several issues on appeal, but we consider only one, dispositive issue: whether William's agreement in his son's driver's license application to be financially responsible for his son's negligent operation of a motor vehicle or his stipulation to entry of an Agreed Judgment on liability and damages falls within the Homeowner's Policy's exclusion for liability under a "contract or agreement."

### FACTS

Selleck sustained bodily injuries from an automobile accident with a vehicle driven by William's son, Sean Thom ("Sean"). Sean, a minor, had obtained a driver's license after William had signed a financial responsibility agreement as provided by Indiana's driver's license statute. *See* IND. CODE § 9–24–9–3. The vehicle was titled in Sean's name, and at the time of the accident Sean resided with his mother. William lived with his mother, Sean's grandmother. Sean was not an insured under the Homeowner's Policy which was issued to Sean's grandmother.

Selleck sued William in the underlying action on the theory that William was liable for Sean's negligence under the financial responsibility agreement. Selleck and William stipulated to entry of an Agreed Judgment of $200,000.00, and William's automobile insurer paid Selleck its policy limits of $100,000.00. Selleck then filed a verified motion for garnishment against Westfield for the unsatisfied amount of the Agreed Judgment. Selleck sought to recover from Westfield because William was an insured under the Homeowner's Policy. Both parties moved for summary judgment, and the trial court granted Westfield's motion, citing two policy exclusions denying William coverage. Selleck appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing the grant of a motion for summary judgment, we conduct the same inquiry followed by the trial court. *Otto v. Park Garden Associates* (1993), Ind.App., 612 N.E.2d 135, 138. We must consider all of the pleadings, affidavits, depositions, admissions, answers to interrogatories and testimony in the light most favorable to the non-moving party in order to determine whether a genuine issue of material fact remains for resolution by the trier of fact. *Id.;* Ind. Trial Rule 56(C). However, we only consider that evidentiary matter designated by the parties to the trial court for its consideration. T.R. 56(C). All facts and inferences from the designated evidentiary material must be liberally construed in favor of the non-moving party. *Otto,* 612 N.E.2d at 138.

■ Summary judgment based upon construction of an insurance contract is a determination, as a matter of law, that the contract is unambiguous and that it is unnecessary to resort to the rules of contract construction in order to ascertain the contract's meaning. *Meridian Mutual Insurance Co. v. Cox* (1989), Ind.App., 541 N.E.2d 959, 961, *trans. denied.* An unambiguous policy must be enforced according to its terms, even those terms which limit the insurer's liability. *Trisler v. Indiana Insurance Co.* (1991), Ind.App., 575 N.E.2d 1021, 1023. A mere disagreement between the parties to the insurance contract over the meaning of the contract does not establish an ambiguity. *Cox,* 541 N.E.2d at 961. The provisions of an insurance contract are subject to the same rules of construction as are other contracts, and the construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Id.; Trisler,* 575 N.E.2d at 1023.

### Liability Under Contract or Agreement Exclusion

■ Selleck argues that the trial court erred when it concluded that the following exclusion in the Homeowner's Policy denies William coverage:

"Coverage E—Personal Liability, does not apply to:

a. Liability

.    .    .    .

(2) under any other contract or agreement except those written contracts directly relating to maintenance of the insured location not excluded in (1) above or elsewhere in this policy"

Record at 90 and 95. Selleck contends that this exclusion does not apply because William did not assume any liability to him when he signed the financial responsibility agreement and that this exclusion applies only to contractual liability, not to tort or statutory liability. We can discern no such distinction from the plain language of this provision and find that the words "any other contract or agreement" mean what they say. Thus, we conclude that this Policy exclusion applies here and that the trial court properly denied Selleck's motion for garnishment.

The analysis in *Buckeye Union Casualty Co. v. Bell* (7th Cir.1957), 249 F.2d 211, *cert. denied,* 356 U.S. 920, 78 S.Ct. 704, 2 L.Ed.2d 716, applies and is dispositive. In *Buckeye,* the Seventh Circuit considered whether an exclusion for "liability assumed by the insured under any contract or agreement" applied to exclude coverage for bodily injury "arising out of the ownership, maintenance or use" of an automobile. *Id.* at 212–13. The insured's minor son was involved in an automobile accident with another motorist who sued under the theory that the insured was liable for his son's negligence because he had agreed to be liable pursuant to an earlier version of Indiana's driver's license statute.[1] *Id.* at

---

1. That statute read:

   "The application, of any person, under the age of eighteen [18] years, for any permit or license to be issued under the provisions of this act shall be signed ... by the father of the

   applicant ... who is willing to assume the obligations imposed upon him by the provisions of this section.
   ... Any person so signing such application ... agrees to be responsible, jointly and sever-

215. The insurer, Buckeye Union, filed a declaratory judgment action seeking a determination that its policy provision excluding coverage of liability assumed by the insured under any contract or agreement relieved it from a duty to defend or pay a judgment in the underlying negligence action. *Id.*

The Seventh Circuit held that the insured's agreement in his son's driver's license application to be financially responsible for his son's negligence constituted an agreement to assume liability which was excluded from coverage under the Buckeye Union policy. *Id.* We likewise find here that William agreed to be liable for Sean's negligent acts under the financial liability agreement in Sean's driver's license application, and that by agreeing to be liable, William created liability under an agreement which is excluded from coverage under the Homeowner's Policy.

■ Selleck attempts to distinguish *Buckeye* by contending that the court in *Buckeye* actually denied coverage because it determined that the insured's minor son was not an insured under the "use of other automobiles" clause in the policy. *See id.* at 215. We fail to see the logic in that argument because here it is undisputed that Sean, like the son in *Buckeye*, is not an insured under the Homeowner's Policy. We conclude that when the insurance contract excludes liability arising under a contract or agreement, and the minor driver is not otherwise an "insured" under the policy, an insured parent cannot create coverage for himself merely by assuming vicarious liability under a financial responsibility agreement.

■ Likewise, William's stipulation with Selleck to entry of an Agreed Judgment falls within the Homeowner's Policy exclusion. The rationale of *Buckeye* applies with even greater force in this case where the insured's liability, assumed under a financial responsibility agreement, has also been reduced to a judgment by yet another agreement. Selleck characterizes the Agreed Judgment as "liability imposed by law" and a "legal determination" which he claims is not an agreement of liability between the parties. *See* Appellant's Brief at 20. We cannot agree with that purported distinction when Selleck's own garnishment motion states that William "agreed to the entry of judgment against him." *See* Record at 21. William was not required to stipulate to entry of the Agreed Judgment, but he voluntarily agreed to liability. Liability was not imposed upon him by operation of law.

■ Selleck is seeking recovery directly against Westfield, and his claim against Westfield is no greater than William's claim would be. As the injured party, Selleck stands in the legal shoes of the insured. *See Motorists Mutual Insurance Company v. Johnson* (1966), 139 Ind.App. 622, 627, 218 N.E.2d 712, 715, *trans. denied.* William's claim is excluded as a matter of law. William has no right as an insured under the Homeowner's Policy to assume liability under a financial responsibility agreement or to assume the obligation of an Agreed Judgment and then to demand coverage from Westfield after the fact. Thus, there is no coverage subject to garnishment to satisfy Selleck's judgment.

## CONCLUSION

The trial court properly interpreted the Homeowner's Policy exclusion concerning liability under a contract or agreement. Both William's agreement to be liable for Sean's negligence under the financial responsibility agreement and his Agreed Judgment with Selleck were contracts or agreements contemplated within the Home-

ally with such applicant, for any injury or damage which such applicant may cause by reason of the operation of a motor vehicle, in all cases where the applicant is liable in damages."

IND. CODE § 47–2706 (Burns 1952). The current version provides:

"An individual who signs an application for a permit or license under this chapter agrees to be responsible jointly and severally with the minor applicant for any injury or damage that the minor applicant causes by reason of the operation of a motor vehicle if the minor applicant is liable in damages."

IND. CODE § 9–24–9–4(a).

owner's Policy exclusion of coverage for personal liability. There are no material facts in dispute, and the trial court properly granted Westfield's motion for summary judgment on Selleck's garnishment motion as a matter of law.

The judgment is affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.