TERRE HAUTE FIRST NATIONAL
BANK, Appellant–Plaintiff,

v.

PACIFIC EMPLOYERS INSURANCE
COMPANY, Appellee–Defendant.

No. 84A05–9307–CV–241.

Court of Appeals of Indiana,
First District.

Dec. 29, 1993.

Publication Ordered April 6, 1994.

Robert D. Hepburn, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellant.

Sharon Funcheon Murphy, Lulich Murphy & Dowling, Indianapolis, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Terre Haute First National Bank ("Bank") appeals from a summary judgment in favor of its insurer, Pacific Employers Insurance Company ("Pacific Employers"). The Bank had been sued by Christoper Elkins for the Bank's alleged negligence in acting as Elkins' guardian. After Pacific Employers refused to defend the Bank, the Bank defended itself and prevailed. The Bank then sued Pacific Employers to recover its attorney's fees in the Elkins action, alleging that Pacific Employers breached its duty to defend the Bank under an Office Building Policy ("Policy") that Pacific Employers had issued to the Bank.

Pacific Employers moved for summary judgment, and the trial court granted Pacific Employers' motion, finding that Pacific Employers was relieved of its duty to defend on two grounds: (1) Elkins' suit against the Bank was not an "occurrence" as defined in the Policy; and (2) Elkins' claim against the Bank was based on the Bank's failure to render professional services which was barred by a Policy exclusion. The Bank appeals and asserts that neither ground applies to warrant summary judgment for Pacific Employers.

## ISSUES

We consider the following issues on appeal:

1. Whether Elkins' suit against the Bank is an "occurrence" as defined under the Policy.

2. Whether the Bank's right to a defense is barred by the professional service exclusion in the Policy.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing the grant of a motion for summary judgment, we conduct the same inquiry followed by the trial court. *Selleck v. Westfield Insurance Co.* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* We must consider only the evidentiary matter properly designated to the trial court in order to determine whether a genuine issue of material fact remains for resolution by the trier of fact. Ind.Trial Rule 56(C). All facts and inferences from the designated evidentiary material must be liberally construed in favor of the non-moving party. *Selleck,* 617 N.E.2d at 970.

■ Summary judgment based upon construction of an insurance contract is a determination, as a matter of law, that the contract is unambiguous and that it is unnecessary to resort to the rules of contract construction in order to ascertain the contract's meaning. *Id.* The provisions of an insurance contract are subject to the same rules of construction as are other contracts, and the construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Id.*

### Issue One: Occurrence

■ The Bank first contends that the trial court erred when it found that Elkins' purported action for negligence was not the result of an "occurrence" for which the Bank was entitled to a defense.[1] "Occurrence" is defined in the Policy as "an accident, includ-

---

1. The Policy states:
   "The Company will pay on behalf of the Insured, except as hereafter provided, all sums which the Insured shall become legally obligated to pay as damages because of:

   A—PERSONAL INJURY or
   B—PROPERTY DAMAGE
   caused by an occurrence during the policy period and within the policy territory."
   Record at 5.

ing continuous or repeated exposure to conditions, which results in personal injury or property damage neither expected nor intended from the standpoint of the Insured." Record at 10. The Bank argues that Elkins' suit did result from an occurrence and that even if Elkins' suit had no merit, Pacific Employers had a contractual duty to defend the Bank.

We agree with the trial court's finding that Elkins' suit against the Bank did not arise from an "occurrence" as that term is used under the Policy. Here, for there to have been an occurrence and a corresponding duty by Pacific Employers to defend the Bank in Elkins' suit, there must have been an "accident." According to the Bank, the term accident is "vague" and "other sources are needed to determine" its meaning. Appellant's Brief at 15. We disagree.

■ We need not look beyond the Policy to determine whether an accident occurred. In interpreting an insurance contract, the language of the contract is given its plain and ordinary meaning. *Anderson v. State Farm Mutual Automobile Insurance Co.* (1984), Ind.App., 471 N.E.2d 1170, 1172. The Policy states simply that " '[o]ccurrence' means an accident." In the context of insurance coverage, an accident means an unexpected happening without an intention or design. *National Mutual Insurance Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95, 100. Elkins' complaint alleged the Bank's negligence and breach of fiduciary duty in acting as his guardian. In other words, the claim against the Bank arose from a professional relationship and not from an accident. The Bank's purported professional negligence in acting as Elkins' guardian cannot be an accident in the plain and ordinary meaning of that term. We hold, as a matter of law, that Elkins' action against the Bank did not arise from an "accident" and, thus, was not the result of an "occurrence" as defined under the Policy.

### Issue Two: Professional Service Exclusion

■ We next address the trial court's finding that Pacific Employers did not waive this exclusion by failing to raise it as a defense until its answer to the Bank's complaint.

The authorities cited by the Bank to support its contrary position, as well as numerous others, recognize that the insurer is deemed to have waived a defense to coverage under the policy only when the insured is prejudiced by the insurer's delay in notifying the insured of that defense. *See, e.g, Johnson v. Payne* (1990), Ind.App., 549 N.E.2d 48, 53, *trans. denied* (prejudice to insured required to prove insurer's waiver of defense to coverage); *Protective Insurance Co. v. Coca–Cola Bottling Co.* (1981), Ind.App., 423 N.E.2d 656, 662, *trans. denied* (no waiver of defense to coverage where insured not prejudiced as result of insurer's delay in asserting defense); *Vulcan Insurance Co. v. Johnson* (1920), 74 Ind.App. 62, 64–65, 128 N.E. 664, 665 (insurer's unreasonable delay in asserting bar to coverage held waiver of defense where insurer knew of bar to coverage when policy issued, when proof of loss made, and when suit was filed); *Travelers Insurance Co. v. Fletcher American National Bank* (1925), 84 Ind.App. 563, 572, 150 N.E. 825, 827 (waiver of additional defense where insured relied upon sole defense raised by insurer and incurred expense). Here, the Bank has not shown how it was prejudiced by Pacific Employers' conduct or how, with earlier notice of Pacific Employers' reliance on this exclusion, it could have taken steps to protect its right to a defense under the Policy. *See Aetna Life Insurance Co. v. Fitzgerald* (1905), 165 Ind. 317, 323, 75 N.E. 262, 264–65. Pacific Employers did not waive this exclusion.

The Bank then argues that the trial court erred when it granted summary judgment based on a professional service exclusion in the Policy. That exclusion provides:

"A—Exclusions

. . . .

q. Personal injury or property damage due to:

(1) the rendering of or failure to render

(a) Medical, surgical, dental, X-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith;

(b) Any service or treatment conducive to health or of a professional nature;

(c) Any cosmetic, tonsorial, massage, physiotherapy, chiropody, hearing aid, optical or optometrical services or treatments;

(d) *Any professional service;* "

Record at 9 (emphasis added). The Bank asks us to apply the rule of ejusdem generis to the Policy and find that in the context of the Policy, this exclusion applies only to health and personal care services, not services rendered by the Bank's trust department.

We decline to apply the doctrine of ejusdem generis, a rule of statutory construction, to the interpretation of insurance policies. Insurance policies are contracts between private parties; we cannot rewrite the policy nor make a new or different policy, but must enforce the terms of the policy as agreed upon by the parties. *Asbury v. Indiana Union Mutual Insurance Co.* (1982), Ind. App., 441 N.E.2d 232, 239. Even though the professional service exclusion appears with other exclusions relating to health care and personal care services, this exclusion must be enforced as written. The exclusion applies to "any" professional service and contains no language qualifying or limiting the exclusion to medical or personal care only.

■■■ An insurer's duty to defend its insureds against suit is broader than its coverage liability or duty to indemnify. *Trisler v. Indiana Insurance Co.* (1991), Ind.App., 575 N.E.2d 1021, 1023. "It is the nature of the claim, not its merit, which establishes the insurer's duty to defend." *Id.* However, the insurer's duty to defend is determined from the allegations of the complaint and from those facts known to or ascertainable by the insurer after reasonable investigation. *Id.* If the pleadings disclose that a claim is clearly excluded under the policy, no defense is required. *Id.*

■■■ Elkins' complaint alleged that the Bank "failed to protect the interests of Plaintiff, notwithstanding the fact that the bank was charged with responsibility of operating as guardian of the estate of Plaintiff...." Record at 21. Elkins' complaint then averred that the Bank was negligent, and as a direct and proximate result of the Bank's negligence, Elkins "has suffered severe economic loss" and "emotional and physical injury and physical and mental suffering" as a "result of the lack of sufficient funds for obtaining much needed therapy for his severe handicaps." Record at 22.

Elkins' complaint demonstrates that the nature of his suit against the Bank is for a breach of the Bank's fiduciary duty, as his guardian, to safeguard his assets and to protect his interests. In other words, the Bank's claim of right to a defense arises from allegations that it failed to render adequately a professional service to a Bank customer. The Bank is seeking defense of a typical errors and omissions claim, a claim not properly brought, and excluded, under the policy at issue in this case.[2]

Thus, as written, the professional service exclusion applies to the Bank's representation of Elkins as Elkins' guardian. The Bank's request for a defense in Elkins' action falls squarely within this exclusion, and Pacific Employers had no duty to defend the Bank. The trial court properly granted summary judgment for Pacific Employers.

The judgment of the trial court is affirmed.

ROBERTSON and GARRARD, JJ., concur.

2. The Illinois Court of Appeals has interpreted a policy containing an identical professional service exclusion and has held that a bank's insurer did not have a duty to defend the bank in a suit brought by a bank customer for intentional interference with the customer's business relationships. *See State Street Bank and Trust Co. v. INA Insurance Co.* (1991), 207 Ill.App.3d 961, 153 Ill.Dec. 327, 332, 567 N.E.2d 42, 47. The policy at issue in *State Street Bank* was designated as an "office building policy" which the court reasoned is "intended to cover losses arising out of building ownership or occupancy." *Id.* In its opin-

ion, the term "professional service" meant "any business activity conducted by the insured which involves specialized knowledge, labor, or skill, and is predominantly mental or intellectual as opposed to physical or manual in nature." *Id.* The court concluded that the bank customer's claim arose from the bank exercise of its business judgment in conducting its principal business activity and was not in any way directly related to the bank's ownership or occupancy of its building. *Id.* We think that the Illinois court's reasoning applies here as well.