**ERIE INSURANCE COMPANY,**
Appellant–Plaintiff,

v.

**AMERICAN PAINTING COMPANY, Ann
K. Whaley, Larry L. Whaley, Robert
Hicks and Harold L. Frye, II, Appellees–
Defendants.**

No. 41A04–9610–CV–420.

Court of Appeals of Indiana.

April 15, 1997.

Transfer Dismissed July 7, 1997.

Robert A. Smith, Thomas M. Carusillo, Smith & Wade, Indianapolis, for Appellant–Plaintiff.

Glenn E. Davis, Jr., Davis, Davis & Langan, Indianapolis, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Erie Insurance Company (Erie) appeals the trial court's denial of its motion for summary judgment in a declaratory judgment action involving Defendants–Appellants American Painting Company (American), Ann K. Whaley, Larry K. Whaley, Robert Hicks (Hicks), and Harold Frye II (Frye).

We reverse and remand.

### ISSUE

Erie raises two issues for our review, which we consolidate and state as: whether the trial court erred in determining that a question of fact existed which precluded a grant of summary judgment.

*FACTS AND PROCEDURAL HISTORY*

Frye and American entered into a contract whereby American promised to paint portions of Frye's home. Frye's home was allegedly burglarized and set on fire by Hicks, an American employee. Frye filed a complaint alleging that Hicks caused the fire and that American was liable for damages caused by Hicks because it was careless and negligent in hiring and retaining him.

At the time of the burglary and arson, American had a liability insurance policy with Erie. Erie filed a complaint for declaratory judgment against Frye, American, Hicks, Larry Whaley, and Ann Whaley.[1] Erie sought a ruling that the fire loss to Frye's home was not covered by the terms of the insurance policy. Erie subsequently filed a motion for summary judgment alleging that there was no genuine issue of material fact on the question of coverage and that Erie was entitled to judgment as a matter of law.

In the related case to determine whether American was indeed liable for its actions with regard to the hiring and retention of Hicks, the trial court granted American's motion for summary judgment on the question of liability. Frye appealed, and the trial court granted a stay of proceedings on the declaratory judgment action while the appeal was pending. This court subsequently reversed the trial court's grant of summary judgment, and Erie filed a motion to resume proceedings in the declaratory judgment action.[2] Proceedings were resumed, and the trial court ultimately denied American's motion for summary judgment. Upon Erie's motion, the trial court certified its ruling for interlocutory appeal, and we accepted jurisdiction.

*DISCUSSION AND DECISION*

■ Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court. *Selleck v. Westfield Insurance Co.*, 617 N.E.2d 968, 970 (Ind.Ct.App.1993), *trans. denied.* Summary judgment is appropriate only when there are no genuine issues of material fact,

and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). We consider only the evidence properly designated to the trial court in order to determine whether a genuine issue of material fact remains for resolution by the trier of fact. *Terre Haute First National Bank v. Pacific Employers Insurance Co.*, 634 N.E.2d 1336, 1337 (Ind.Ct.App.1993).

■ Summary judgment based upon construction of an insurance contract is a determination, as a matter of law, that the contract is unambiguous and that it is unnecessary to resort to rules of contract construction to ascertain the contract's meaning. *Selleck,* 617 N.E.2d at 970. The provisions of an insurance contract are subject to the same rules of construction as other contracts, and the construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Terre Haute,* 634 N.E.2d at 1337.

■ Erie contends that summary judgment is appropriate because its contract with American does not provide coverage for damages caused by American's hiring and retention of Hicks. It points to language in the contract which limits coverage to "occurrences."

Two sections of the contract, coverages B and D, are the subject of the dispute. These sections state:

> Property Damage Liability–Coverage B
>
> We will pay for damages because of personal injury or property damage for which the law holds anyone we protect responsible and which are covered by your policy. We cover only personal injury and property damage which occurs during the policy period. The personal injury or property damage must be caused by an occurrence which takes place in the covered territory.
>
> Owners' and Contractors' Protective Liability–Coverage D
>
> We will pay for damages because of personal injury or property damage arising out of:

1. The Whaleys were American's only stockholders.

2. Our decision on the related case is reported as *Frye v. American Painting Co.,* 642 N.E.2d 995 (Ind.Ct.App.1994).

(1) operations performed for you by contractors, or

(2) your acts or omissions in connection with the general supervision of the operations

for which the law holds anyone we protect responsible and which are covered by your policy. We cover only personal injury and property damage which occurs during the policy period. The personal injury or property damage must be caused by an occurrence which takes place in the covered territory.

(R. 19). In denying Erie's motion, the trial court emphasized the language of subsection (2) of coverage D granting coverage for personal injury or property damage arising from "acts or omissions in connection with the general supervision of operations." In doing so, however, the court did not address the language limiting coverage only to when the personal injury or property damage is caused by an "occurrence." The term "occurrence" is defined in the contract as "an accident, including continuous or repeated exposure to the same general, harmful conditions." (R. 18).

In interpreting the contract, we give the language of the contract its plain and ordinary meaning. *Anderson v. State Farm Mutual Automobile Insurance Co.*, 471 N.E.2d 1170, 1172 (Ind.Ct.App.1984). Simply stated, the contract defines an "occurrence" as an "accident." *See Terre Haute*, 634 N.E.2d at 1338. In the context of insurance coverage, we have held that an accident means "an unexpected happening without an intention or design." *Id.* (citing *National Mutual Insurance Co. v. Eward*, 517 N.E.2d 95, 100 (Ind.Ct.App.1987)).

In the present case, the property damage is alleged to have arisen from American's hiring and retention of Hicks. These acts by American, even if proven to be careless and negligent, were intentional, not accidental. *See Terre Haute* (holding that the insurer had no duty to defend because the insured Bank's intentional actions as guardian were not occurrences under the language of the policy); *Fidelity and Guaranty Insurance Underwriters, Inc. v. Everett I. Brown Co.*, 25 F.3d 484 (7th Cir.1994), *reh'g. denied* (holding that the insurer had no duty to defend because the insured's termination of the plaintiff's employment was intentional); *Red Ball Leasing, Inc. v. Hartford Accident & Indemnity Co.*, 915 F.2d 306 (7th Cir.1990) (holding that the insurer had no duty to defend because the intentional and negligent acts of the insured were not "accidents" under the insurance contract). We hold, as a matter of law, that Frye's action against American did not arise from an "accident" and, thus, was not the result of an "occurrence" as defined by the contract between Erie and American.

## CONCLUSION

The trial court erred in denying Erie's motion for summary judgment. We reverse and remand for entry of judgment for Erie.

Reversed and remanded.

DARDEN and STATON, JJ., concur.