STATE FARM FIRE AND CASUALTY COMPANY, Appellant–Defendant,

v.

C.F. and C.F. b/n/f John and Lisa Faver, Appellees–Plaintiffs,

Nicholas Christian and Nicholas Christian b/n/f Mark and Deborah Christian, Appellees–Crossdefendants.

No. 87A05–0308–CV–401.

Court of Appeals of Indiana.

July 23, 2004.

Rehearing Denied Oct. 15, 2004.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellant.

Timothy J. Hambidge, Olsen, White Hambidge & Williams, LLP, Evansville, IN, Attorney for Appellees.

## OPINION

ROBB, Judge.

State Farm Fire and Casualty Company ("State Farm") insured Mark and Deborah Christian ("the Christians") through a homeowner's insurance policy. State Farm appeals the trial court's denial of its motion for summary judgment relating to claims brought against the Christians. We reverse.

### Issue

State Farm raises three issues for our review, but we find one issue to be dispositive: whether C.F.'s injuries were caused by an "occurrence" and thus covered by the Christians' homeowner's insurance policy.

### Facts and Procedural History

On March 28, 1997, and again on April 17, 1997, N.C., then twelve years old, sexually abused C.F., who was six years old at the time. The State filed a petition alleging delinquency, and N.C. subsequently admitted to the following counts involving C.F.:

### COUNT I

On or about March 28, 1997, in Warrick County, Indiana, [N.C.] was a person who knowingly or intentionally caused another person to perform or submit to deviate sexual conduct when the other person is so mentally disabled or deficient that consent to the conduct cannot be given. To-wit: [N.C.] was a person who knowingly or intentionally caused

[C.F.], age six, to perform anal intercourse when [C.F.], due to her age, was mentally disabled or deficient and unable to consent to said conduct.

CONTRARY TO: I.C. 35–42–4–2(3) Criminal Deviate Conduct, Class B Felony[.]

*COUNT II*

On or about March 28, 1997, in Warrick County, Indiana, [N.C.] was a person who, with a child under fourteen (14) years of age, performed or submitted to sexual intercourse or deviate sexual conduct. To-wit: [N.C.] was a person who performed sexual intercourse on [C.F.], age six.

CONTRARY TO: I.C. 35–42–4–3(a) Child Molesting, Class B Felony[.]

*COUNT III*

On or about April 17, 1997, in Warrick County, Indiana, [N.C.] was a person who knowingly or intentionally attempted to cause another person to perform or submit to deviate sexual conduct when the other person is so mentally disabled or deficient that consent to the conduct cannot be given. To-wit: [N.C.] was a person who knowingly or intentionally attempted to cause [C.F.], age six, to perform sexual intercourse when [C.F.], due to her age, was mentally disabled or deficient and unable to consent to said conduct.

CONTRARY TO: I.C. 35–42–4–2(3) Criminal Deviate Conduct, Class B Felony[.]

Appellant's Index at 43–44.

From June 8, 1996, up through and including the time of the incidents of sexual abuse, State Farm insured the Christians, N.C.'s parents, pursuant to its homeowner's insurance policy. The policy contained the following provisions:

SECTION II—LIABILITY COVERAGES

COVERAGE L—PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence,** we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect a settlement or satisfy a judgment resulting from the **occurrence,** equals our limit of liability.

. . .

SECTION II—EXCLUSIONS

1. Coverage L and Coverage M [medical payments to others] do not apply to:

a. **bodily injury** or **property damage:**

(1) which is either expected or intended by an **insured;** or

(2) to any person or property which is the result of willful and malicious acts of an **insured** . . . .

Appellant's Index at 24–26 (emphasis in original). Additionally, the policy contained the following definitions for the above terms:

1. **"bodily injury"** means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

**Bodily injury** does not include:

. . .

c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar inju-

ry unless it arises out of actual physical injury to some person.

. . .

4. **"Insured"** means [the policyholder] and, if residents of [the policyholder's] household:

a. [the policyholder's] relatives; and

b. any other person under the age of 21 who is in the care of a person described above.

. . .

7. **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a. **bodily injury;** or

b. **property damage;**

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence.**

Appellant's Index at 15–16 (emphasis in original).

After N.C. admitted to sexually abusing C.F., C.F. and her parents (collectively, "the Favers") filed a civil action against N.C. and his parents to recover damages she incurred from the sexual abuse. State Farm provided a defense to the Christians pursuant to a reservation of rights. The Favers subsequently filed a complaint for declaratory judgment, requesting the trial court to determine whether State Farm was liable to the Christians under their homeowner's insurance policy for any damages which may be found against the Christians in the Favers' civil action. State Farm eventually filed a motion for summary judgment, arguing that its insurance policy did not provide coverage for the Favers' claims against the Christians because, *inter alia,* C.F.'s injuries did not result from bodily injuries caused by an "occurrence" because the injuries did not result from an accident.

The Favers responded to State Farm's motion and argued that the Christians' policy with State Farm did not exclude C.F.'s injuries because N.C. could not have formed the necessary intent of knowing or intentional, due to his age. After a hearing, the trial court denied State Farm's motion for summary judgment. This appeal ensued.

*Discussion and Decision*

I. Standard of Review [1]

When reviewing a grant or denial of summary judgment, our standard of review is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Where the dispute is one of law rather than fact, our standard of review is de novo. The issues presented in this appeal are issues of law, not fact, and will be reviewed accordingly.

*Embry v. O'Bannon,* 798 N.E.2d 157, 159 (Ind.2003) (internal citations omitted).

II. Coverage Under the Policy

The policy provided coverage "[i]f a claim [was] made or a suit [was] brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence...." Appellant's Index at 24 (emphasis omitted). An "occurrence" was defined by the policy as "an accident, including exposure to conditions, which results in a. bodily injury; or b. property damage; during the policy period." Appellant's Index at 16 (emphasis omitted).

1. We remind counsel for both parties that the briefs "must include for each issue a concise statement of the applicable standard of review...." Ind. Appellate Rule 46(A)(8)(b).

The policy did not define the term "accident." We have previously stated, however, that "[i]n the context of insurance coverage, an accident means an unexpected happening without an intention or design." *Terre Haute First Nat'l Bank v. Pac. Employers Ins. Co.,* 634 N.E.2d 1336, 1338 (Ind.Ct.App.1993).

State Farm contends the policy does not cover C.F.'s injuries because N.C. intentionally committed his acts, and therefore, C.F.'s injuries did not result from an occurrence, or accident. The Favers argue that C.F.'s injuries resulted from an occurrence because N.C. was unable to form the necessary intent to commit his acts due to his age. We agree with State Farm.

In *Allstate Ins. Co. v. Norris,* 795 F.Supp. 272 (S.D.Ind.1992), an insured shot a bystander as the insured attempted to detain an assailant until police arrived. The insured's homeowner's insurance policy provided that the insurer would pay for damages arising from an accident only, but the policy did not define the term "accident." In holding the policy did not cover the bystander's injuries, the court noted the distinction

> between an event that is unexpected or unintended (which is an accident), and an event or act that is intended, but causes unexpected consequences (which is not). Under this distinction, a volitional act—which is always intended—does not constitute an accident, even where the results may be unexpected or unforeseen.

*Id.* at 275. The court concluded that since the insured intended to fire his gun, his actions were volitional (not accidental), and whether the consequences of the insured's actions were unforeseen was irrelevant. *Id.*

In *Meridian Ins. Co. v. Zepeda,* 734 N.E.2d 1126 (Ind.Ct.App.2000), *trans. denied,* an insured was found guilty by a jury of aggravated battery for knowingly or intentionally inflicting an injury upon the victim. We held the insured was collaterally estopped from negating the issue of intent in a civil action brought by the victim against the insured because "[c]onsidering the result reached in the criminal trial, the jury must have determined that [the insured] either intended to shoot [the victim] or was aware of a high probability that he was doing so." *Id.* at 1130. Thus, we implied in *Zepeda* that the jury's finding of guilt against the insured necessarily decided the issue of intent in the civil action against the insured.

The above cases, however, differ from the instant case because the insureds in the above cases were all adults. The Favers argue that intent cannot be inferred from N.C.'s admissions in juvenile court because juveniles, due to their age, are unable to form the necessary intent. The Favers state, "Juveniles are not adults and are not treated as an adult [sic] because of their inability to form 'mens rea.'" Brief of Appellees at 6. We disagree.

> The juvenile code reflects the doctrine of the state as parens patriae. It recognizes that among those committing antisocial acts are youthful persons, and that there is a presumption based upon human experience that there is likely to be a lack of mature discretion, discriminatory judgment and stability of character on the part of these offenders. It also recognizes the value of investing the court with sound discretion in its treatment of youthful offenders so that disposition of a case may be governed, at least in part, by the significant attending circumstances.

*Imel v. State,* 168 Ind.App. 384, 389, 342 N.E.2d 897, 900 (1976). Therefore, a juvenile is not treated differently than an adult in the justice system due to an inability to form mens rea, but instead due to a juve-

nile's immaturity and unique circumstances.

Furthermore, if we assumed that a juvenile, simply because of his age, was unable to form a mens rea, it would be impossible for our system to adjudicate any juvenile as a delinquent because all of the elements of an offense, including mens rea, must be proven beyond a reasonable doubt, even in juvenile proceedings.

In the case at hand, State Farm attached to its motion for summary judgment the Chronological Case Summary in N.C.'s juvenile proceeding, which stated that N.C. admitted to two counts of criminal deviate conduct under Indiana Code section 35–42–4–2(3) and one count of child molesting under Indiana Code section 35–42–4–3(a). Criminal deviate conduct is defined as the following: "A person who *knowingly or intentionally* causes another person to perform or submit to deviate sexual conduct when ... the other person is so mentally disabled or deficient that consent to the conduct cannot be given...." Ind.Code § 35–42–4–2(a)(3) (emphasis added). Indiana Code section 35–42–4–3(a) defines child molesting as the following: "A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony." Because N.C. admitted to knowingly or intentionally committing the acts against C.F., his actions were volitional and not accidental. Therefore, the Christians' homeowner's insurance policy did not provide coverage for C.F.'s injuries because they were not the result of an occurrence.

### Conclusion

Because C.F.'s injuries did not arise from an occurrence, the Christians' homeowner's insurance policy did not provide coverage for C.F.'s injuries. Therefore, we reverse the trial court's denial of summary judgment and remand this case to the trial court to enter summary judgment in favor of State Farm.

Reversed and remanded.

SULLIVAN, J. and RATLIFF, Sr. J., concur.