HAMILTON, Circuit Judge,
concurring.
I concur with the court’s opinion and judgment holding that American Family must both defend and indemnify the Van de Venters in Williams’ claim against them for his injury. The undisputed facts show that when he visited the Van de Venters’ home and took their dog for a walk, he was not the dog’s owner or keeper under Indiana law. He. therefore was not “legally responsible” for the dog and so was not an “insured” whose own injury claim would be excluded from coverage.
There is another, more fundamental reason for rejecting American Family’s attempt to deny coverage. Chief Judge Wood’s opinion for the court hints at it, noting that the “intra-insured provision was not meant to preclude coverage of every guest or business invitee who drops by the house and even momentarily controls the dog.” Supra, at 650. It might be useful for future cases to explain this more fundamental problem in American Family’s theory. It has less to do with the tort law of pets and more to do with the law of liability insurance and the scope of the duty to defend.
The Van de Venters’ “Gold Star Special Deluxe” homeowners’ policy with American Family treats as insureds the Van de Venter family and any other residents of the household who are relatives or minors in their care, if any. The policy also provides that for personal liability coverage:
insured also means: (1) Any person or organization legally responsible for a watercraft or animal owned by any person included in paragraph a. [the household] to which Section II '[liability] Coverages apply. This does * not include a person or organization using or having custody of the watercraft or animal in the course of business or without your specific permission.
PI. App. 53 (V5-b-l). A similar provision treats domestic employees as insureds, so that they and the Van de Venters would be covered if a visitor is hurt by the alleged negligence of an employee. Id. (¶54>2). Both the employee and the watercraft and pets provisions in this homeowners’ policy are related to the familiar provisions in auto policies that extend liability coverage, for example, to a friend who drives an insured vehicle with the owner’s permission. From the point of view of the insureds, the objective is to buy peace of mind for the threat of liability for injuries to visitors to the home or caused by operating family vehicles.
Ten pages later in the fine print, the eleventh of twenty liability exclusions says: ‘We will not cover bodily injury to any insured.” Pl. App. 63. Such “intra-insured” exclusions prevent fraudulent and collusive claims, for example, by one family member against another, expecting the deep pocket of the insurance company to come up with cash. See Frost v. Whitbeck, 257 Wis.2d 80, 654 N.W.2d 225, 235 (2002). Applying the “intra-insured” exclusion to Williams’ claim in this case, however, has virtually no precedent and would be contrary to basic principles of liability insurance.
To begin with, it is hard to imagine how Williams could be considered “legally responsible” for his own injuries from the dog’s bolt toward the neighbor’s dog. It’s tempting to stop there. But American Family has built its entire case by cooking up an alternative hypothesis. Suppose, it says, that when Williams took the Van de Venters’ dog for a walk, the dog had in *652 jured somebody else, a neighbor. We know that did not happen, but it might have happened, says American Family, so let’s think it through. We see that American Family’s theory for this case collapses from internal contradictions.
First, the injured neighbor sues both the Van de Venters, who own the dog, and visitor Williams, who was actually walking the dog and who they say should have had control of it. The Van de Venters and visitor Williams then tender the neighbor’s claim to American Family for a defense. The Van de Venters are covered, of course, and are owed duties of both defense and indemnification. What about a duty to defend visitor Williams? If the insurer or the courts were to get caught up in the details of Williams’ relationship with the dog— how long he was staying, his exact duties toward feeding and walking the dog, and even whether he initiated the particular walk or the dog did (see supra at 649) — it would be difficult to decide whether he would be owed a defense and ultimately whether he would be owed a duty of indemnification, which would seem to depend on whether he qualified as a “keeper” under Indiana law. Those questions have occupied mostuf this litigation.
There is a simpler way to address the problem under American Family’s hypothetical: start with the duty of defense, which must be decided first. Under well-established principles of liability insurance, the visitor (Williams) is owed a defense as an insured if someone asserting a claim based on the household dog’s actions is merely trying to hold him “legally responsible” for the dog’s actions. If the neighbor ultimately wins a suit against the visitor, then by definition the visitor is held “legally responsible” and is therefore an insured and should be covered.
But the duty of defense must be decided long before ultimate liability can be decided, and before many factual details can be known. Under the terms of the American Family policy, the visitor is entitled to a defense simply because he might be held legally responsible. The hypothetical visitor is entitled to a defense even if the neighbor’s claim against the visitor were a sure. loser, such as if it were clear the visitor was not the dog’s keeper. “It is the nature of the claim, not its merit, which establishes the insurer’s duty to defend.” Terre Haute First Nat’l Bank v. Pacific Employers Ins. Co, 634 N.E.2d 1336, 1339 (Ind.App.1993), quoting Trisler v. Indiana Ins. Co., 575 N.E.2d 1021, 1023 (Ind. App. 1991). An “insurance company has a contractual duty to defend unfounded, false and fraudulent suits based upon risks it has insured.” Davidson v. Cincinnati Ins. Co., 572 N.E.2d 502, 505 (Ind. App. 1991), citing Cincinnati Ins. Co. v. Mallon, 409 N.E.2d 1100, 1105 (Ind. App. 1980) (duty to defend applies to “unfounded, false or fraudulent suits” based upon insured risks); Home Fed. Sav. Bank v. Ticor Title Ins. Co., 695 F.3d 725, 731 (7th Cir.2012) (applying Indiana law and reversing summary judgment denying duty to defend).
On the other hand, if the neighbor succeeded on the claim against the visitor, the visitor would have been found “legally responsible” and would fit nicely within the definition of an insured, at least for that incident. That interpretation of the policy fits with Indiana law and gives the homeowner and the visitor the peace of mind the homeowner paid for by buying liability insurance.
So far, so good. But how far do we go with this visitor’s status as an insured under the “intra-insured” exclusion? It should be limited to a specific incident involving the dog. To explain, let’s use a different hypothetical. Suppose the homeowner asks a neighborhood teenager to care for and walk the dog while the owners *653 are away for a few weeks. And suppose the teenager is so involved in the dog’s care that she qualifies as a “keeper” under Indiana law. That, makes her “legally responsible” for the dog, at least when she takes it for a walk. If the dog hurts another neighbor while she is walking the dog, she is clearly an insured and will be defended and indemnified.
But now suppose the dog-walking teenager, while visiting the house for other purposes, trips and falls on a loose carpet on the stairs. American Family’s theory seems to be that the teenager qualifies as an “insured” for all purposes. If that were correct, the' “intra-insured” exclusion would apply and the homeowners would have no coverage for her claim against them for their negligence. That result would be unjust and completely contrary to the reasonable expectations of all parties, and especially the insured homeowners. Yet that result follows from American Family’s logic.
When asked about this hypothetical in oral argument, American Family’s counsel said the visiting teenager would not be an “insured” for those purposes. Counsel insisted, though, that if the visiting teenager slipped on the stairs while visiting the house to walk the dog, she would still be an insured so that her own injury claim against the owners would not be covered. (Oral argument at 6:00-9:40.) Counsel did not provide a basis for American Family’s proposed line, nor is one evident.
The problem lies in the assumption, implicit in American Family’s argument, that an outsider like the dog-walker is an insured either for all purposes or for no purposes. It makes more sense, and fits better with the parties’ reasonable expectations, to say that a person who is an insured based on this notion of legal responsibility for the pet is an insured only with respect to claims against her arising from her arguable legal responsibility for the pet. Surely that would be the insurer’s position if the visiting dog-walker tendered to the insurer a claim not related to the dog-walking, such as an allegedly negligent injury to another guest on the premises.
This need to focus on the incident giving rise to the claim becomes obvious in another important context — liability coverage both for injuries to domestic employees and for injuries caused by domestic employees. The American Family policy here makes clear that it protects the Van de Venters for claims by injured domestic employees. See Pl. App. 62-64 (¶E-2-c; ¶II-D-7; ¶E-1). But as noted, the American Family policy treats domestic employees as insureds where they are alleged to have caused injury to someone else, such as a visitor to the home. Pl. App. 53 (¶5-b-2).
How does the “intra-insured” exception apply to domestic employees? Under American Family’s argument here, a domestic employee might be treated as an insured in some instances, so that employee is also an insured. If that’s true, there would be no coverage for the Van de Ven-ters if a domestic employee were injured and brought a claim against them. American Family asserted this position at oral argument, but it cannot be the law. It would make the policy’s provisions covering claims by domestic employees illusory if not downright fraudulent.
The solution lies in limiting the effect of the provisions treating outsiders (such as visiting dog-walkers and domestic employees) as insureds. They should apply only for claims arising directly from incidents that make them insureds for these very limited purposes. The intra-insured exception should not apply to deny coverage to the homeowners on claims by people who might be deemed insureds for such limited purposes and in such limited circum *654 stances. The purpose of the intra-insured exception simply does not apply to such people. The broader interpretation advocated by American Family would contradict other purposes and provisions in the policy, such as the liability coverage for injuries caused by domestic employees and the broad coverage that homeowners expect for accidents that injure visitors like Williams.
Returning from the hypotheticals to this case, we could also affirm on the simple basis that it makes no sense to treat Williams as if he were “legally responsible” for his own injuries resulting from the dog’s actions. Accordingly, he was not an insured for purposes of this incident. The intra-insured exception does not bar coverage of his claim against the Van de Ven-ters.